### Liebfried v. Wissler.

*Statement—Sufficiency of—Practice—Affidavit raising point of law—Bill of particulars—Practice Act of May 14, 1915.*

1. In an action to recover damages for an automobile collision, a statutory demurrer to the statement of claim on the ground that it is not in conformity with the Practice Act of May 14, 1915, P. L. 483, in setting forth proofs, inferences and conclusions of law, will not be sustained, where, in attempting to show exactly how the accident occurred, there is more particularity than necessary and some repetition.

2. If, in such case, the damages are not stated with sufficient particularity, the proper way to raise the question is by petition for a bill of particulars and not by affidavit raising a point of law.

Affidavit of defence raising a question of law. C. P. Lancaster Co., Nov. T., 1925, No. 25.

*H. Frank Eshleman*, for plaintiff.

*H. Edgar Sherts* and *Charles G. Baker*, for defendant.

HASSLER, J., April 17, 1926.—An affidavit of defence raising a question of law has been filed in this case. It contains eight reasons why the statement is not sufficient to entitle the plaintiff to judgment. The first three are that the "statement does not contain a statement in a concise and summary form of the material facts on which the plaintiff must rely for his claim;" that it states evidence and proof and inferences and conclusions of law, and is not divided into paragraphs, each containing but one material allegation.

It is contended by the defendant that the statement does not conform to the requirements of section 5 of the Practice Act of May 14, 1915, P. L. 483, because of the objections pointed out in the three reasons referred to above. An examination of the statement does not bear out this contention of the defendant. The third paragraph of the statement sets forth the manner in which the accident occurred. It may be true that it is done with more particularity than is necessary, and probably with some repetition made in order to clearly show how the accident occurred, but nothing in it is either a statement of "evidence and proof and inferences and conclusions of law." Nor is more than a single material fact stated in it. It is as concisely and summarily stated as is necessary to clearly show the negligence of the defendant, upon which the plaintiff relies for his claim.

The other objections to the statement are as to the general way in which the damages claimed are stated. If they are not stated with sufficient particularity to enable the defendant to prepare his defence, he can have it done by a petition for a bill of particulars, but it cannot be raised in a proceeding such as this. We decide the question of law raised in the affidavit of defence against the defendant.          From George Ross Eshleman, Lancaster, Pa.